Pleading and practice/ relief from, judgment; newly discovered evidence. — On May 20, 1977 the court issued the following order:
Before CoweN, Senior Judge, Presiding, Dureee, Senior Judge and Skeltokt, Senior Judge.
“This case comes before the court on Plaintiffs’ Motion for Belief from Judgment and Bemand to Trial Judge for Trial on Issue of Title to Alleyways. [See ante at 145.] The motion is made under our Buie 152(b) on the ground of newly discovered evidence, plaintiffs claiming that they have uncovered ‘additional compelling evidence to support their title claims.’ The alleged newly discovered evidence consists of a book containing a number of documents obtained from the National Archives and the motion is supported by two affidavits. Defendant strongly opposes the motion, asserting that since plaintiffs have had access to the documents in the National Archives since 1972 when this case was filed and prior thereto, plaintiffs have not made the required showing that the evidence could not have been discovered béfore now by the exercise of diligence.
“It is well settled thát a motion for relief from judgment under our Buie 152(b) (2) is a motion which calls for ex *380 traordinary relief and may be granted only where there is a showing of exceptional circumstances. Valmont Industries, Inc. v. Enresco, Inc., 446 F. 2d 1193, 1195 (10th Cir. 1971) ; Kaiser Aluminum & Chemical Corp. v. United States, 187 Ct. Cl. 443, 451, 409 F. 2d 238, 243 (1969) (concurring opinion).
“Moreover,- it is equally well established that the relief will not be granted on the plea of newly discovered evidence unless it clearly appears that such evidence could not have been discovered prior to trial through the exercise of reasonable diligence and that the evidence is such as would probably change the outcome of the case. Giordano v. McCartney, 385 F. 2d 154, 155 (3d Cir. 1967); Posttape Associates v. Eastman Kodak Co., 68 F.R.D. 323 (E.D. Pa. 1975).
“After a careful review of plaintiffs’ motion and the material submitted therewith, we have concluded that it fails to meet the requirements of our Rule 152(b) (2) as construed by this court and of comparable District Court Rule 60 (b) as construed by the other courts.
“it is therefore ordered that plaintiffs’ motion be and the same is hereby denied.”