Plaintiff has submitted to the court a motion to remand this case to the Armed Services Board of Contract Appeals (asbca) in order to enable plaintiff to ask for a new hearing and decision on the basis of "after-discovered evidence.” The evidence in issue is a letter, dated November 10, 1977, discovered after the hearing and decision among the papers and personal effects of a former president and general manager of plaintiff company who was deceased at the time of the hearing before the asbca.
Plaintiff sublet its contract with defendant to a company which was unable to produce the products timely. Defendant declared plaintiff in default and reprocured the item at increased cost which was assessed against plaintiff in the amount of $21,160.65. Plaintiff lost its appeals to the asbca on both the issues of correctness of the termination and assessment of excess reprocurement costs. The asbca decision was dated March 7, 1980, and certified on March 14, 1980. By decision dated October 23, 1980, reconsideration was denied as having been requested out of time and without good cause. The liquidated damages have been *972 collected from plaintiff out of funds owed to it by defendant under other contracts.
In its petition to the court plaintiff seeks a new trial here and a reversal of the asbca decision. It has been plaintiffs position from the beginning that the failure to perform was without its fault or negligence but simply due to the breaking of a mold which was not from any willful or deliberate act on the part of plaintiff or its subcontractor. Failure to make timely delivery under the contract terms is conceded by plaintiff.
We are not now called upon to rule on plaintiffs challenge to the asbca decision. That review, of course, would be pursuant to the standard of review in 41 U.S.C. §§321, 322 (1976), cf 41 U.S.C. §609 (Supp. III 1979). All that we are now asked to do is to send the case back to the asbca to consider the "after-discovered evidence” in a new hearing. In any case within our jurisdiction we have remand authority by statute, 28 U.S.C. §1491, and by Rule 149(a), to direct any administrative or executive body or official to take such action as the court "may deem proper and just.” We have done this in a wide variety of circumstances.
Plaintiffs motion is somewhat analogous to the "newly discovered evidence” rule of this court (Rule 152(b)(2)), which can be used to relieve a party of the effects of a final judgment when such new evidence could not have been discovered by "due diligence” in time to prevent the time bar to a motion for rehearing, amendment of judgment, or new trial. Fed. R. Civ. P. 60(b)(2) is similar. But, these rules require such motions to be filed not more than 1 year after the final judgment or order is entered. As noted above, the asbca decision was dated March 7, 1980, and the decision on reconsideration was on October 23, 1980. The pending motion was filed March 10, 1982. Apparently, the request for relief because of new evidence was not submitted to the asbca, but would have been barred by a strict application of its Rule 29 for reconsideration, which has a 30-day time limit from receipt of its decision.
The pending motion does not say when the new evidence was discovered. It is a letter dated November 10, 1977, to plaintiffs president, from the subcontractor, explaining in detail the causes of its failures. If accepted at face value it *973 goes to the heart of the contract’s default clause which excuses default and excess costs of failure to perform when arising without the fault or negligence of either the contractor or subcontractor, unless the supplies to be furnished were obtainable from other sources in sufficient time to permit the contractor to meet the required delivery schedule. This evidence, therefore, was vital to plaintiffs case and should have been before the asbca when it was considering the case.
In such a situation as this, where plaintiff asks us to exercise discretion to grant extraordinary relief, it is only fair that plaintiff show us that the evidence could not have been discovered by reasonable diligence long before it was, and in time to have been before the asbca before it decided the claim. Plaintiff says nothing to demonstrate that due diligence would not have discovered it. The deceased company president was the father of the officer who submits the letter now and who was a witness at the hearing. He gives us no reason to believe that his father’s effects were not available for an earlier search. Under the statutes cited, plaintiff has no right to a new trial in this court, as requested. The case is before the court for appellate review. We cannot reopen the record on this lack of a showing or remand the case to the asbca directing it to do so. The result is unfortunate for plaintiff and we regret it. However, the interests of justice mandate that the finality of decisions be upheld, absent error of law or lack of substantial evidence. Except in most exceptional circumstances it would not serve those interests to permit records to be reopened long after a decision has been entered. Washington Medical Center, Inc. v. United States, 211 Ct. Cl. 379 (1977); Flett v. W. A. Alexander & Co., 302 F.2d 321 (7th Cir.), cert. denied, 371 U.S. 841 (1962). This is especially so where there is not even an allegation that the evidence could not have been found earlier by the exercise of due or reasonable diligence or that such diligence was in fact exercised.
it is therefore ordered that the plaintiffs motion to remand is denied.
Plaintiffs motion for rehearing and suggestion for rehearing en banc were denied July 16,1982.