Felton L. MATTHEWS, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 06–300 C.

United States Court of Federal Claims.

Oct. 5, 2006.

Felton L. Matthews, Jr., Ely, NV, pro se.

David Frank D'Alessandris, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

## OPINION

HEWITT, Judge.

Before the court is plaintiff's Motion for Amendment of Judgement Pursuant to [Rules of the Court of Federal Claims (RCFC)] 52.59 and Transfer of Claims & Consolidation of Cases (Pl.'s Mot.). Plaintiff requests that the court transfer the case to the United States District Court for the District of Nevada where, plaintiff alleges, a similar case is pending. Pl.'s Mot. 1. Because the court addressed the question of transfer and explicitly declined to transfer plaintiff's case in *Matthews v. United States*, 72 Fed.Cl. 274, 281 (2006), the court construes plaintiff's claim as a motion for reconsideration of that opinion. The court has carefully reviewed plaintiff's motion and determines that it does not require further briefing. Because the grounds for reconsideration alleged by plaintiff do not provide a basis for this court to reverse its previous decision not to transfer plaintiff's case, plaintiff's motion is DENIED.

## I. Background[1]

Plaintiff, a prisoner applying to proceed in forma pauperis, filed claims against the United States and various state and federal actors for libel, defamation, conspiracy, obstruction of mail, interference with access to justice, and refusal to protect plaintiff from criminal conduct. Complaint (Compl.) 1–8. Because plaintiff was a prisoner proceeding in forma pauperis who had already filed at least three claims that were dismissed as frivolous or malicious or for failure to state a claim, however, preliminary screening barred the court from considering any claims that did not allege imminent danger of serious physical injury. *Matthews,* 72 Fed.Cl. at 278; *see also* 28 U.S.C. § 1915(g) (2000). The court also determined that it lacked jurisdiction over all of plaintiff's claims. *Id.* at 284. ("For purposes of judicial economy and efficiency, the court rules, in the alternative, that all of plaintiff's claims against all parties are DISMISSED for lack of jurisdiction....."). The only claims for which plaintiff alleged that he was in imminent danger of serious physical injury were plaintiff's claims of defamation and libel. *Id.* at 276. The court therefore granted plaintiff's application to proceed in forma pauperis with respect to plaintiff's defamation claim for the limited purpose of determining whether the court had jurisdiction over plaintiff's defamation claim. *Id.* at 284.

After dismissing plaintiff's claims for defamation and libel for lack of jurisdiction, *id.* at 279, the court considered whether transfer of the libel and defamation claims was appropriate, *id.* at 279–80. Plaintiff brought his claim for defamation under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 (2000). *Id.* at 279. The court found that the United States expressly withheld its waiver of sovereign immunity under Section 2680(h) of the Federal Tort Claims Act as to claims of libel and slander and, by extension, defamation. *Id.* at 279–80 (citing 28 U.S.C. § 2680(h); *Kugel v. United States,* 947 F.2d 1504, 1506–07 (D.C.Cir.1991); *Aviles v. Lutz,* 887 F.2d 1046, 1049–50 (10th Cir.1989); *Hoesl v. United States,* 629 F.2d 586, 587 (9th Cir.1980)). The court determined that, because the United States expressly declined to waive its sovereign immunity as to claims for defamation and libel, transfer was not appropriate under 28 U.S.C. § 1631. *Id.* at 281; *see also* 28 U.S.C. § 1631 (2000).

Plaintiff requests that the court amend its judgment on the ground that another similar case is allegedly pending in the United States District Court for the District of Nevada. Pl.'s Mot. 1. Plaintiff seems to allege that the court has granted review of the merits of the case despite plaintiff's prior "three strikes." *See id.* Plaintiff also appears to state for the first time that he is in imminent danger of serious physical injury as to his claim for denial of access to justice. *See id.* ("They are illegally trying to keep me in prison to force me to face eminent danger of physical bodily harm by denying me access to justice, for discovering the abuse of process."). Plaintiff requests transfer of his claims of defamation, access to justice, mail tampering, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) to the United States District Court for the District of Nevada and consolidation of his claims with the similar case allegedly pending there. *Id.*

## II. Standard of Review

RCFC 59(a)(1) affords this court discretion to grant reconsideration "to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1); *see Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990) ("The decision whether to grant reconsideration lies largely within the discretion of the district court."). A motion for reconsideration is not intended, however, to give an "unhappy litigant an additional chance to sway" the court. *Froudi v. United States,* 22 Cl.Ct. 290, 300 (1991). Nor may a party—even a party who is appearing pro se—prevail on a motion for re-

---

1. A full recitation of the facts is set out in *Matthews v. United States,* 72 Fed.Cl. 274, 276–77 (2006).

consideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed. *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005) (holding that pro se party waived issue where party had first raised issue on motion for reconsideration); *Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343, 1355 (Fed.Cir. 2003) (holding that party had waived issue by failing to raise issue in opening brief); *Corrigan v. United States*, 70 Fed.Cl. 665, 668 (2006) ("[B]y failing to raise an issue when it is first available to be litigated, a party waives consideration by the court of the issue on reconsideration, even when the party is pro se."); *Seldovia Native Ass'n, Inc. v. United States*, 36 Fed.Cl. 593, 594 (1996) ("[A] motion for reconsideration ... should not be based on evidence that was readily available at the time the motion was heard." (citations omitted)). "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact." *Pac. Gas & Elec. Co. v. United States*, 58 Fed.Cl. 1, 2 (2003) (citation omitted). Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice. *Griswold v. United States*, 61 Fed.Cl. 458, 460–61 (2004).

## III. Discussion

### A. Plaintiff's Motion for Reconsideration

█ Plaintiff first asks this court to "amend ... judgement pursuant to RCFC Rule 52.59." Pl.'s Mot. 1. There is no Rule 52.59 contained in the RCFC. Rule 59, however, does allow the court to amend a judgment. RCFC 59. Amendments under RCFC 59 are subject to the same standard as motions for reconsideration: to prevail, a plaintiff must show an intervening change in the controlling law, the availability of previously unavailable evidence, or the necessity of allowing the motion to prevent manifest

injustice. *Griswold*, 61 Fed.Cl. at 460–61. Plaintiff has not alleged the occurrence of an intervening change in the controlling law. Plaintiff's only new allegations—which do not amount to "evidence," regardless of whether they were previously "unavailable"—are that the merits of his similar claims currently are being considered by the United States District Court for the District of Nevada because his claims allegedly survived the three strikes rule there and that defendant's alleged denial of plaintiff's access to justice places plaintiff in imminent danger of serious physical injury. Pl.'s Mot. 1. These allegations, however, do not provide a basis for reconsideration of the court's decision because they do not amount to previously unavailable evidence. In addition, because these allegations do not cure the alternative holding that this court lacks jurisdiction over plaintiff's claims, the court finds that plaintiff has not shown that allowing the motion is necessary to prevent manifest injustice. The court accordingly declines to amend the previous judgment.

### B. New Allegations That Defendant's Alleged Interference With Access to Justice Is Placing Plaintiff in Imminent Danger of Serious Physical Injury

Plaintiff appears to allege[2] for the first time that defendant's alleged interference with plaintiff's access to justice is placing him in imminent danger of serious physical injury. *See* Pl.'s Mot. 1. Plaintiff, however, does not provide any explanation as to how defendant's interference with access to justice could place him in danger of physical injury. Plaintiff does not provide previously unavailable evidence or any evidence at all. Plaintiff does not state that this allegation is based on new evidence or that the allegation could not have been made at the time the complaint was filed. *See Lamle*, 394 F.3d at 1359 n. 1. The court does not find that failing to reconsider plaintiff's claim would cause manifest injustice.[3] Because plaintiff has not

---

**2.** Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**3.** Even assuming that plaintiff's claim for interference with access to justice were to survive the preliminary screening required by 28 U.S.C. § 1915(g), this court would still lack jurisdiction

provided a basis for this court's reconsideration, the court declines to reconsider plaintiff's claim of interference with access to justice.

C. Plaintiff's Motion for Reconsideration of the Court's Decision Not to Transfer Plaintiff's Claims

 Plaintiff also moves to transfer his claims for defamation, access to justice, mail tampering, and violations of §§ 1961 and 1962 of RICO, 18 U.S.C. §§ 1961–1968 (2000), to the United States District Court for the District of Nevada. Because the court in its decision in this case determined that transfer would not be appropriate, *Matthews,* 72 Fed.Cl. at 280–81, the court treats plaintiff's request to transfer as a motion for reconsideration of its decision not to transfer plaintiff's claims.

Plaintiff has not provided a basis for reconsideration of the court's decision not to transfer plaintiff's claims to the District Court. Even assuming the truth of plaintiff's assertion that a similar case is pending in the District Court and that plaintiff's claims have survived the preliminary screening required by Section 1915(g), that assertion does not change the fact that plaintiff's claims in this court either fail to survive the preliminary screening required by Section 1915(g) or cannot be asserted against the United States because the United States has explicitly declined to waive its sovereign immunity as to those claims. Because plaintiff has not provided grounds for this court to reconsider its decision not to transfer plaintiff's claims, the court declines to transfer plaintiff's claims.

D. Motion for Consolidation of Plaintiff's Claims with a Case Allegedly Pending in the United States District Court for the District of Nevada

 Plaintiff moves to consolidate his claims brought in this court with a case which is allegedly currently pending before the United States District Court for the District of Nevada and in which he is also the plaintiff. Pl.'s Mot. 1. Even if this court

to adjudicate it. Accordingly, failure to reconsider plaintiff's claim would not cause manifest

were to transfer plaintiff's claims, however, the court does not have jurisdiction to decide whether consolidation of cases in another court would be appropriate. The court cannot consolidate plaintiff's case with a case pending in the United States District Court for the District of Nevada.

IV. Conclusion

Plaintiff's motion for reconsideration of this court's opinion is DENIED. Plaintiff's motion to transfer his claims to the United States District Court for the District of Nevada is DENIED. Plaintiff's motion to consolidate his claims in this case with a case pending before the United States District Court for the District of Nevada is DENIED.

IT IS SO ORDERED.