**William C. WEBSTER, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 009–81L.**

United States Court of Federal Claims.

April 23, 2010.

---

William C. Webster, Tonka Bay, MN, and John C. Webster, Bayfield, WI, pro se.

Kelle S. Acock, Natural Resources Section, with whom was Ignacia S. Moreno, Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER

HEWITT, Chief Judge.

Before the court are plaintiffs' Motion for Reconsideration (plaintiffs' Motion or Pls.' Mot.), Docket Number (Dkt. No.) 20, filed on December 14, 2009; Defendant's Response to Plaintiffs' Motion for Reconsideration (defendant's Response or Def.'s Resp.), Dkt. No. 24, filed on January 14, 2010; and Plaintiff[s'] Reply to Defendant's Response (plaintiffs' Reply or Pls.' Reply), Dkt. No. 27, filed on January 28, 2010. Also before the court are Defendant's Motion for Partial Relief, or in the Alternative, for Reconsideration of the Court's Order of November 30, 2009 (defendant's Motion or Def.'s Mot.), Dkt. No. 21, filed on December 18, 2009; Corrected Copy of Plaintiff[s'] Response to Defendant's Motion for Partial Relief, or in the Alternative, for Reconsideration (plaintiffs' Response or Pls.' Resp.), Dkt. No. 25, filed by leave on January 27, 2010, Dkt. No. 26; and Defendant's Reply to Plaintiffs' Response (defendant's Reply or Def.'s Reply), Dkt. No. 28, filed on January 28, 2010. For the following reasons, the court DENIES both motions.

---

1. Rule 59 of the Rules of the United States Court of Federal Claims (RCFC) was amended on Janu-

## I. Background

In their Complaint filed on February 9, 2009, plaintiffs alleged that the United States, acting through the National Park Service, a bureau of the United States Department of the Interior, has effected a taking of their property located within the boundaries of North Cascades National Park in Washington State. Compl. 1. Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) on May 14, 2009, Dkt. No. 9. In a published opinion dated November 30, 2009, the court found plaintiffs' takings claims barred by the statute of limitations and transferred plaintiffs' Complaint to the United States District Court for the Western District of Washington. *Webster v. United States*, 90 Fed.Cl. 107, 121 (2009). Plaintiffs filed their Motion on December 14, 2009, Dkt. No. 20. Defendant filed its Motion on December 18, 2009, Dkt. No. 21. The court ordered further briefing on the motions for reconsideration, *see* Order of December 28, 2009, Dkt. No. 22, and considers both the briefing and the motions in reaching its conclusion.

## II. Legal Standards

The applicable standards for reconsideration and relief from judgments or orders are set forth in RCFC 59(a) and RCFC 60(b). RCFC 59(a) provides that reconsideration or rehearing may be granted as follows: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1). Further, "[t]he court may, on motion under this rule, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." RCFC 59(a)(2). "A motion to alter to amend a judgment must be filed no later than 10 days[1] after the entry of the judgment." RCFC 59(e).

---

ary 11, 2010 "to change the period for filing post judgment motions from 10 to 30 days in accor-

RCFC 60(b) provides that relief from a final judgment, order, or proceeding may be granted "[o]n motion and just terms," for certain enumerated reasons. RCFC 60(b). In addition to five enumerated reasons, RCFC 60(b)(6) provides for relief from a final judgment, order, or proceeding for "any other reason that justifies relief." RCFC 60(b)(6). "A motion made under 60(b) must be made within a reasonable time—and for reasons (1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b) ], and (3) [fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party] no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c) (referencing RCFC 60(b)).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). "The court must consider such motion with 'exceptional care.'" *Henderson County Drainage Dist. No. 3 v. United States (Henderson),* 55 Fed.Cl. 334, 337 (2003) (quoting *Fru–Con Constr. Corp. v. United States (Fru–Con),* 44 Fed.Cl. 298, 300 (1999)). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." *Matthews v. United States,* 73 Fed.Cl. 524, 525 (2006) (quoting *Froudi v. United States,* 22 Cl.Ct. 290, 300 (1991)). "Motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Fru–Con,* 44 Fed.Cl. at 300 (quoting *Seldovia Native Ass'n, Inc. v. United States (Seldovia),* 36 Fed.Cl. 593, 594 (1996), *aff'd,* 144 F.3d 769 (Fed.Cir.1998)).

The moving party must support its motion for reconsideration by a showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake in fact. *Henderson,* 55 Fed.Cl. at 337; *Principal Mut. Life Ins. Co. v. United States (Principal),* 29 Fed.Cl. 157, 164 (1993). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews,* 73 Fed.Cl. at 526 (citing *Griswold v. United States,* 61 Fed.Cl. 458, 460–61 (2004)). Accordingly, "the movant ... must do more than 'merely reassert[ ] arguments which were previously made and carefully considered by the court.'" *Bannum, Inc. v. United States (Bannum),* 59 Fed.Cl. 241, 243 (2003). A court "will not grant a motion for reconsideration if the movant 'merely reasserts ... arguments previously made ... all of which were carefully considered by the [c]ourt.'" *Ammex, Inc. v. United States (Ammex),* 52 Fed.Cl. 555, 557 (2002) (alteration in original) (quoting *Principal,* 29 Fed.Cl. at 164).

Further, even a pro se party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews,* 73 Fed.Cl. at 525–26 (citing *Lamle v. Mattel, Inc.,* 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005)). Similarly, a motion for reconsideration "should not be based on evidence that was readily available at the time the motion was heard." *Seldovia,* 36 Fed.Cl. at 594.

Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." *Pac. Gas & Elec. Co. v. United States,* 74 Fed.Cl. 779, 785 (2006). In a motion for reconsideration, under RCFC 59(a), "manifest" is understood as "clearly apparent or obvious." *Ammex,*

dance with the corresponding changes to [Federal Rules of Civil Procedure] 59 that became effective December 1, 2009." RCFC 59 (2010 Amendment). Here, because the court ordered a

transfer of the case rather than entering judgment, *see Webster v. United States,* 90 Fed.Cl. 107, 121 (2009), the change has no effect on the court's disposition of the case.

52 Fed.Cl. at 557 (quoting *Principal*, 29 Fed. Cl. at 164).

## III. Analysis

### A. Plaintiffs' Motion

■■■ Plaintiffs style their motion as a "Motion for Reconsideration," Pls.' Mot. 1, and the court treats plaintiffs' motion as a motion for reconsideration under RCFC 59(a)(1). In their Motion, plaintiffs contend that the court "has overlooked the fact that this taking is in many ways an ongoing matter (resulting from Park Service non-compliance with regulation)—that the actions of the government were neither open nor notorious ... and that plaintiffs did not have clear evidence on which to base suit until they discovered the concealment of the Clemmer appraisal." Pls.' Mot. 1. Defendant contends that plaintiffs failed to meet their burden to establish that reconsideration is appropriate under RCFC 59:

> First, there has been no intervening change in applicable law. Second, [p]laintiffs do not allege the availability of previously unavailable evidence. All issues raised by [p]laintiffs in their motion were available at the time their Complaint was filed and at the time [d]efendant's motion to dismiss was considered by the [c]ourt. Indeed, [p]laintiffs' arguments were previously presented to and carefully considered by the [c]ourt. Third, [p]laintiffs fail to demonstrate that the [c]ourt made a manifest error in law or mistake of fact.

Def.'s Resp. 3. Because, defendant contends, plaintiffs' motion for reconsideration "fails to

present any newly discovered evidence that was not previously available, change in the law, or other basis for reconsideration that has not already been analyzed by the parties and disposed of by the [c]ourt," defendant requests that the court deny plaintiffs' motion for reconsideration. Def.'s Resp. 6. The court agrees with defendant that plaintiffs have not carried their burden in moving for reconsideration but rather have repeated their previously made assertions and arguments, which the court considered and addressed in its November 30, 2009 Opinion. *See Webster v. United States*, 90 Fed.Cl. 107, 117–21 (2009); *Ammex*, 52 Fed.Cl. at 557 ("A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts ... arguments previously made ... all of which were carefully considered by the [c]ourt.'" (alteration in original) (quoting *Principal*, 29 Fed.Cl. at 164)). Plaintiffs failed to show "extraordinary circumstances which justify relief." *See Fru-Con*, 44 Fed.Cl. at 300. Because plaintiffs' Motion for Reconsideration failed to show the occurrence of an intervening change in the controlling law, the availability of previously unavailable evidence, or the necessity of allowing the motion to prevent manifest injustice caused by a manifest error of law or mistake in fact, plaintiffs' Motion for Reconsideration is DENIED.

### B. Defendant's Motion

■■■■ Defendant moved for partial relief pursuant to RCFC 60(b)(6) or, in the alternative, for reconsideration under RCFC 59(a).[2] Def.'s Mot. 1. Defendant notes that

---

**2.** Plaintiffs contend that defendant failed to file its RCFC 59 motion within the prescribed ten-day period under the RCFC then in effect. Corrected Copy of Plaintiff[s'] Response to Defendant's Motion for Partial Relief, or in the Alternative, for Reconsideration (Pls.' Resp.) 1–2; *see supra* note 1 (explaining amendment of RCFC 59). "Because the defense failed to file this motion within the 10 day period set for Rule 59 motions ... the court must treat the motion as a rule 60(b) motion seeking relief from a judgment or order, not as a Rule 59 motion...." Pls.' Resp. 2. Defendant argues that because "[j]udgment ... has not been entered in this case ... the 10–day deadline in Rule 59 in inapplicable." Defendant's Reply to Plaintiffs' Response (Def.'s Reply) 2.

The court agrees with defendant that the ten-day time period prescribed by RCFC 59 applies only when judgment has been entered. *See Klamath Irrigation Dist. v. United States (Klamath)*, 68 Fed.Cl. 119, 120 & n. 1 (2005) (stating that because "no judgment was entered ... the timing provisions of RCFC 59(b) do not apply" and noting that "various courts construing the timing provisions of Federal Rule of Civil Procedure 59(b), which are analogous to this court's rules, have held that the 10–day period is not triggered where there is no entry of a final judgment" (citing *Riggs v. Scrivner*, 927 F.2d 1146, 1148 (10th Cir.1991))). The court's transfer order in this case is not a final judgment. *See Wood v. United States*, 961 F.2d 195, 200 (Fed.Cir.1992) ("A transfer order is interlocutory, not final and appealable."). Because the court did not enter

"its motion for relief may also be appropriately considered under RCFC 60(b)(1), which may relieve a party from an order based on the mistake of a 'party, counsel or the court.'" Def.'s Reply 4 n. 1 (citing *Curtis v. United States,* 61 Fed.Cl. 511, 514–15 (2004)). Defendant moves the court to reconsider its order transferring plaintiffs' Complaint to the United States District Court for the Western District of Washington "because [p]laintiffs failed to plead a tort or [Administrative Procedure Act (APA) ] claim and, as a matter of law, the Uniform Relocation Assistance and Real Property Acquisition and Policies Act, 42 U.S.C. § 4601 *et seq.* ('URA'), deprives federal courts of jurisdiction to hear such a claim based on these operative facts." Def.'s Mot. 1.

The URA, in § 4651 titled "Uniform policy on real property acquisition practices," sets out policies designed to "encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts, to assure consistent treatment for owners in the many Federal programs, and to promote public confidence in Federal land acquisition practices." 42 U.S.C. § 4651 (2006). Section 4602 of the URA provides: "The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation." 42 U.S.C. § 4602(a). Defendant contends that this language from the URA "bars [p]laintiffs from bringing *any* cause of action in *any* federal court as a result of ongoing negotiations between [p]laintiffs and NPS to possibly acquire [p]laintiffs' property." Def.'s Mot. 5 (emphasis in original). The court does not interpret the statutory language of the URA so broadly. While plaintiffs may not, as defendant

contends, be able to bring a claim based on any failure on the part of the National Park Service to comply with the provisions of the URA because the URA provisions "create no rights or liabilities," *see* 42 U.S.C. § 4602(a), limitations on claims under the URA do not require the court to conclude, as defendant contends, that plaintiffs are barred from "bringing *any* cause of action in *any* federal court," Def.'s Mot. 5.

■■■ As the court stated in its November 30, 2009 Opinion, plaintiffs have charged the National Park Service with "wrongful acts" among other things. *Webster,* 90 Fed.Cl. at 121 (quoting Compl. 1). Defendant acknowledges that pro se litigants are held to less stringent pleading standards and that a court may examine the record to determine if a pro se plaintiff " 'has a cause of action somewhere displayed.' " Def.'s Mot. 3 (quoting *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004) (unpublished decision)). However, this court "does not have jurisdiction to determine whether plaintiffs' claims may be characterized as sounding in tort or arising under the Administrative Procedure Act (APA)." *Webster,* 90 Fed.Cl. at 121. Because this court lacks subject matter jurisdiction over tort and APA claims, the court found it to be in the interest of justice to transfer plaintiffs' Complaint to a court "where any tort or APA claim determined to exist could be heard." [3] *Id.* Section 1631 of title 28 of the United States Code provides for transfer to any court "in which the action or appeal could have been brought," 28 U.S.C. § 1631 (2006), and, as a claim sounding in tort or arising under the APA, the present action "could have been brought" in the district court. *See*

---

judgment in this case, the ten-day time period of RCFC 59 does not apply, but the parties may nonetheless file, under RCFC 59(a)(1), motions for reconsideration of the court's transfer order.

The court therefore finds defendant's motion for reconsideration under RCFC 59(a) to be timely because it was filed prior to the entry of final judgment and within a reasonable amount of time after the filing of the court's transfer order. *See* Def.'s Reply 3–4 (stating that defendant filed its motion eighteen days after the court entered its Order and asserting that its motion was filed "within a reasonable time" as required under the RCFC). Even if defendant's motion were treated

solely as an RCFC 60(b) motion, as plaintiffs contend it should be, Pls.' Resp. 2, the court's conclusion on the merits would remain unchanged.

**3.** Because the court transfers plaintiffs' Complaint, it does not address here plaintiffs' request that the court "allow them to amend their [C]omplaint." Pls.' Resp. 20. Plaintiffs may request leave to amend their Complaint from the United States District Court for the Western District of Washington.

*United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1374 (Fed.Cir.1983). "The district court, as judge of its own jurisdiction, may decide on review of the complaint and government arguments, if any, presented to it, that it does not have jurisdiction in this ... case, and that the case is not therefore one that 'could have been brought' as set forth in § 1631." *Id.* at 1377.

Defendant has failed to show "extraordinary circumstances which justify relief" under RCFC 59(a)(1) or RCFC 60(b). *See Fru–Con,* 44 Fed.Cl. at 300. Defendant has not shown "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *See Matthews,* 73 Fed.Cl. at 526. Nor has defendant demonstrated obvious mistake on the part of the court under RCFC 60(b)(1). For those reasons, the court DENIES Defendant's Motion for Partial Relief or, in the Alternative, Reconsideration.

IV. Conclusion

For the foregoing reasons, plaintiffs' Motion for Reconsideration and defendant's Motion for Partial Relief or, in the Alternative, Reconsideration are both DENIED.

IT IS SO ORDERED.