William C. WEBSTER, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 09–81 L.

United States Court of Federal Claims.

July 26, 2010.

William C. Webster, Tonka Bay, MN, and John C. Webster, Bayfield, WI, pro se.

Kelle S. Acock, Natural Resources Section, with whom was Ignacia S. Moreno, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER AND OPINION

HEWITT, Chief Judge.

Before the court are plaintiffs' Motion for Reconsideration of Order Denying Reconsideration and Transferring Case to District Court (plaintiffs' Motion or Pls.' Mot.), Docket Number (Dkt. No.) 30, filed on June 10, 2010; Defendant's Opposition to Plaintiffs' Rule 60 Motion for Relief (defendant's Response or Def.'s Resp.), Dkt. No. 31, filed on June 25, 2010; and Plaintiffs' Response to Defendant's Opposition to Plaintiff[s'] Motion for Relief (plaintiffs' Reply or Pls.' Reply), Dkt. No. 32, filed by leave on July 23, 2010. For the following reasons, the court DENIES plaintiffs' Motion.

## I. Background

In their Complaint filed on February 9, 2009, plaintiffs alleged that the United States, acting through the National Park Service, a bureau of the United States Department of the Interior, has effected a taking of their property located within the boundaries of North Cascades National Park in Washington State. Compl. 1. Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), Dkt. No. 9, on May 14, 2009. In a published opinion dated November 30, 2009, the court found plaintiffs' takings claims barred by the statute of limitations and transferred plaintiffs' Complaint to the United States District Court for the Western District of Washington. *Webster v. United States*, 90 Fed.Cl. 107, 121 (2009). Plaintiffs filed their first Motion for Reconsideration (Pls.' First Mot.), Dkt. No. 20, on December 14, 2009. Defendant filed its Motion for Partial Relief, or in the Alternative, for Reconsideration of the Court's Order of November 30, 2009, Dkt. No. 21, on December 18, 2009. The court denied both motions for reconsideration. *See* Order of April 23, 2010, Dkt. No. 29. Plaintiffs' Motion for Reconsideration of Order Denying Reconsideration and Transferring Case to District Court, Dkt. No. 30, was filed on June 10, 2010.

## II. Legal Standards

The applicable standards for reconsideration and relief from judgments or orders are set forth in RCFC 59(a) and RCFC 60(b). RCFC 59(a) provides that reconsideration or rehearing may be granted as follows: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which

a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1). Further, "[t]he court may, on motion under this rule, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." RCFC 59(a)(2).

RCFC 60(b) provides that relief from a final judgment, order, or proceeding may be granted "[o]n motion and just terms," for certain enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

RCFC 60(b). "A motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1).

 "Rule 60(b)[1] enables a court to grant a party relief from a judgment [or order][2] in circumstances in which the need

---

**1.** Because the portions of RCFC 60(b) and Rule 60(b) of the Federal Rules of Civil Procedure (FRCP) relevant to this case are identical, *compare* RCFC 60(b) *with* Fed.R.Civ.P. 60(b), the court looks to authorities interpreting FRCP 60(b) to interpret RCFC 60(b). *See Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 794–95, 794 n. 3 (Fed.Cir.1993) (using interpretations of FRCP 60(b) to interpret a prior version of RCFC 60(b) adopted by this court's predecessor because "Rule 60(b) of the Claims Court is a

virtual duplicate of Federal Rule of Civil Procedure 60(b)").

**2.** "The entry of a formal judgment ... is not a prerequisite to the availability of relief under Rule 60(b). By its terms, Rule 60(b) applies to final orders and final proceedings as well as to judgments." 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.02[2] (3d ed.2004). Here, the court ordered a transfer of the case rather than entering judgment. *See Webster v. United States*, 90 Fed.Cl. 107, 121 (2009).

for truth outweighs the value of finality in litigation." 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.02[2] (3d ed.2004). A motion for relief from a judgment or order is "a motion which calls for extraordinary relief and may be granted only where there is a showing of exceptional circumstances." *Wash. Med. Ctr., Inc. v. United States*, 211 Ct.Cl. 379, 379 (1977). The court has discretion regarding whether to grant relief under Rule 60(b), "and the court may weigh equitable considerations in the exercise of its discretion." *Dynacs Eng'g Co. v. United States*, 48 Fed.Cl. 240, 241 (2000); *see also* Moore et al., supra, § 60.22[1] ("The decision as to whether relief should be granted is committed to the sound discretion of the court."); *id.* § 60.22[5] ("The relief provided by Rule 60(b) is equitable in nature...."). "As a remedial provision, Rule 60(b) is to be liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of the Dep't of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed.Cir.1994) (internal quotation marks omitted). Relief from a judgment or order will not be granted "if substantial rights of the party have not been harmed by the judgment" or order. *Dynacs Eng'g Co.*, 48 Fed.Cl. at 242.

■ Similarly, under RCFC 59, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.1990). "The court must consider such motion with 'exceptional care.'" *Henderson County Drainage Dist. No. 3 v. United States (Henderson)*, 55 Fed.Cl. 334, 337 (2003) (quoting *Fru–Con Constr. Corp. v. United States (Fru–Con)*, 44 Fed.Cl. 298, 300 (1999)). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." *Matthews v. United States*, 73 Fed.Cl. 524, 525 (2006) (quoting *Froudi v. United States*, 22 Cl.Ct. 290, 300 (1991)). "Motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Fru–Con*, 44 Fed.Cl. at 300

(quoting *Seldovia Native Ass'n, Inc. v. United States (Seldovia)*, 36 Fed.Cl. 593, 594 (1996), *aff'd*, 144 F.3d 769 (Fed.Cir.1998)).

■ The moving party must support its motion for reconsideration by a showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake in fact. *Henderson*, 55 Fed.Cl. at 337; *Principal Mut. Life Ins. Co. v. United States (Principal)*, 29 Fed.Cl. 157, 164 (1993). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews*, 73 Fed.Cl. at 526 (citing *Griswold v. United States*, 61 Fed.Cl. 458, 460–61 (2004)). Accordingly, the moving party "must do more than merely reassert arguments which were previously made and carefully considered by the court." *Bannum, Inc. v. United States (Bannum)*, 59 Fed.Cl. 241, 243 (2003) (internal quotation marks and brackets omitted). A court "will not grant a motion for reconsideration if the movant 'merely reasserts ... arguments previously made ... all of which were carefully considered by the [c]ourt.'" *Ammex, Inc. v. United States (Ammex)*, 52 Fed.Cl. 555, 557 (2002) (alteration in original) (quoting *Principal*, 29 Fed.Cl. at 164).

■ Further, even a pro se party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews*, 73 Fed.Cl. at 525–26 (citing *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005)). Similarly, a motion for reconsideration "should not be based on evidence that was readily available at the time the motion was heard." *Seldovia*, 36 Fed.Cl. at 594. Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." *Pac. Gas & Elec. Co. v. United States*, 74 Fed.Cl. 779, 785 (2006). In a motion for reconsideration, under RCFC 59(a), "manifest" is understood as "clearly apparent or obvious." *Ammex,*

**680**

52 Fed.Cl. at 557 (quoting *Principal*, 29 Fed. Cl. at 164).

III. Analysis

 Plaintiffs style their Motion as a "Motion for Reconsideration" and state that their "motion is for reconsideration of [the court's] November 30, 2009 Opinion in accordance with RCFC 60(b)." Pls.' Mot. 1. Whether plaintiffs' Motion is considered as one for reconsideration under RCFC 59 or for relief under RCFC 60, plaintiffs have not carried their burden of showing that reconsideration or relief is justified.

Plaintiffs assert that their Motion "does not alter the original claim, but presents clarifying evidence that was mistakenly left out of the original claim because of the volume of material available." Pls.' Mot. 1. Plaintiffs attach ten pages (Attachments) to their Motion: "7 pages showing this is an ongoing matter, plus 3 pages [that are] prior related claim attachments." *Id.* at 3. It appears that one of the documents—a two-page letter from the NPS to Mr. William Webster dated August 30, 1985—was filed with plaintiffs' Complaint as Attachment 3. *See* Compl. Appendix 3; Pls.' Mot. Attachments. The remaining documents are various letters regarding plaintiffs' property sent to or by plaintiffs over the time period of 1982 to 2008. *See* Pls.' Mot. 3, Attachments. Although most of the documents attached to plaintiffs' Motion were not included with their Complaint, plaintiffs do not assert that they were previously unavailable, simply that they were "mistakenly left out" of the previous filing. Pls.' Mot. 1. Further, even if the documents did constitute previously unavailable evidence, they are cumulative of other documents plaintiffs have offered in support of their claims and do not alter the court's legal conclusions.

Plaintiffs offer several "[p]ractical reasons for not transferring [their claim] to district court." *Id.* According to plaintiffs, these reasons include the possibility of the district court requiring clearing work on the property and "reappraisal helicopter flights" that would damage the park; their belief that the Court of Federal Claims would provide "the most expeditious legal process" and issue a ruling that "protects the park, preserves property rights and improves National Park Service (NPS) land policy"; and their assertion that "[t]he tort/[Administrative Procedure Act (APA)] record will indirectly involve several Members of Congress in addition to NPS and the Department of Interior." *Id.* at 1–2. However, none of these "practical reasons" change the fact that this court lacks jurisdiction over plaintiffs' claims. *See Webster*, 90 Fed.Cl. at 121 (concluding that this court "lacks subject matter jurisdiction over plaintiffs' takings claims (because any such claim is time-barred) and over tort and APA claims (even if timely)"). This court does not have "the discretion to resolve this matter fairly and expeditiously," as plaintiffs suggest, Pls.' Reply 2, because the court lacks jurisdiction to hear the action.

Plaintiffs also offer "[l]egal reasons for reconsideration and a [Court of Federal Claims] ruling." Pls.' Mot 2. Plaintiffs assert that "[t]his is an ongoing claim filed within the six year limitations period" and that their claim is a "constitutional property rights claim." *Id.* Plaintiffs contend that "reconsideration is necessary because jurisdiction is not time barred" and that the court should "reconsider this case as an ongoing claim." *Id.* at 4. This argument is the same argument that plaintiffs presented to the court in their first Motion for Reconsideration: "[P]laintiffs contend that the court 'has overlooked the fact that this taking is in many ways an ongoing matter....'" *Webster v. United States*, 92 Fed.Cl. 321, 325 (2010) (quoting Pls.' First Mot. 1). In their Reply, plaintiffs acknowledge that their argument is repetitive: "Although plaintiff[s'] previous motion did reiterate earlier information and arguments that had previously been made, it was unclear to plaintiffs that this argument had been thoroughly considered by the court, therefore the motion was made under [RCFC 60(b)] to prevent a possible injustice due to simple overlook." Pls.' Reply 1. In denying plaintiffs' first Motion for Reconsideration, the court determined that plaintiffs' argument was repetitive of plaintiffs' "previously made assertions and arguments, which the court considered and addressed in its November 30, 2009 Opinion." *Webster*, 92

Fed.Cl. at 325 (citing *Webster*, 90 Fed.Cl. at 117–21). The court reaches the same conclusion regarding plaintiffs' arguments contained in the Motion before the court.

Defendant contends that plaintiffs failed to meet their burden to establish that reconsideration under RCFC 59 or relief under RCFC 60 is appropriate:

First, there has been no intervening change in applicable law. Second, [p]laintiffs do not allege the availability of previously unavailable evidence. All issues raised by [p]laintiffs in their motion were available at the time their Complaint was filed, at the time [d]efendant's motion to dismiss was considered by the [c]ourt, at the time the [c]ourt issued its November 30 Opinion, and at the time the [c]ourt issued its April 23 Order. Indeed, [p]laintiffs' arguments were previously presented to and carefully considered and rejected by this [c]ourt on two occasions. ... Third, [p]laintiffs fail to demonstrate that the [c]ourt made a manifest error in law or mistake of fact.

Def.'s Resp. 4. Because, defendant contends, plaintiffs' Motion "fails to present any newly discovered evidence that was not previously available, change in the law, or other basis for relief or reconsideration that has not already been analyzed by the parties and disposed of by the [c]ourt," defendant requests that the court deny plaintiffs' Motion. *Id.* at 5.

The court agrees with defendant that plaintiffs have not carried their burden in moving for reconsideration or relief but rather have repeated their previously made assertions and arguments, which the court considered and addressed in its November 30, 2009 Opinion. *See Webster*, 90 Fed.Cl. at 117–21; *Ammex*, 52 Fed.Cl. at 557 ("A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts ... arguments previously made ... all of which were carefully considered by the [c]ourt.'" (alteration in original) (quoting *Principal*, 29 Fed.Cl. at 164)). Plaintiffs failed to show "extraordinary circumstances which justify relief." *See Fru–Con*, 44 Fed. Cl. at 300. Because plaintiffs' Motion failed to show the occurrence of an intervening

change in the controlling law, the availability of previously unavailable evidence, or the necessity of allowing the motion to prevent manifest injustice caused by a manifest error of law or mistake in fact, plaintiffs' Motion is DENIED.

### IV. Conclusion and Direction to Enter Judgment as to Fewer Than All Claims

For the foregoing reasons, plaintiffs' Motion is DENIED. In addition, the court determines that "there is no just reason for delay," RCFC 54(b), in the entry of final judgment as to plaintiffs' takings claims and therefore directs the Clerk of Court to ENTER JUDGMENT dismissing plaintiffs' takings claims for lack of jurisdiction. Plaintiffs' remaining claim or claims shall, as ordered on November 30, 2009, be transferred to the United States District Court for the Western District of Washington. *See Webster*, 90 Fed.Cl. at 121 (transferring plaintiffs' remaining claims pursuant to 28 U.S.C. § 1631 (2006)).

IT IS SO ORDERED.