Brian LEWIS, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. 07–591C.

United States Court of Federal Claims.

July 15, 2011.

18

Brian Lewis, Baltimore, MD, pro se.

Loren Misha Preheim, United States Department of Justice, Civil Division, Washington, DC, for defendant.

1. Detailed facts of this case may be found at *Lewis v. United States,* No. 07–591 C, 2009 WL

## OPINION AND ORDER

ROBERT H. HODGES, JR., Judge.

Mr. Lewis received a general discharge (under honorable conditions) for convenience of the Government after experiencing difficulties on active duty in the Navy. These difficulties included a documented personality disorder, alcohol dependence, and disrespect for senior officers. He was also the victim of a sexual assault.[1] Plaintiff petitioned the Board for Correction of Naval Records for amendment of his records to show disability retirement. The Board denied his request. Mr. Lewis appealed that decision to this court, claiming wrongful discharge, various torts, and constitutional violations.

## BACKGROUND

Defendant filed motions to dismiss and for judgment on the administrative record in 2009. We granted defendant's motions. *See Lewis v. United States,* No. 07–591 C, 2009 WL 5549354 (Fed.Cl. August 7, 2009). Plaintiff filed a motion for reconsideration, but also appealed the trial court's ruling. As a result, the motion became a victim of administrative confusion and delay between here and the Court of Appeals for the Federal Circuit.

Plaintiff's motion asks that we reconsider the August ruling pursuant to RCFC 59(a) and alter or amend judgment pursuant to RCFC 59(e). We deny the motions for the reasons described below.

## STANDARDS

The August 2009 ruling stated that Mr. Lewis waived his wrongful discharge claim because he did not raise that claim with the Board for Correction of Naval Records, or BCNR. *See Metz v. United States,* 466 F.3d 991, 999 (Fed.Cir.2006). The Board's decision that plaintiff is not entitled to disability retirement was appropriate according to applicable standards of review for the BCNR. *Barnes v. United States,* 473 F.3d 1356, 1361

5549354 (Fed.Cl. August 7, 2009).

(Fed.Cir.2007) (Plaintiff must show the Board's decision was "arbitrary, capricious, contrary to law, or unsupported by the evidence." (quoting *Chambers v. United States,* 417 F.3d 1218, 1227 (Fed.Cir.2005))); *Heisig v. United States,* 719 F.2d 1153, 1157 (Fed. Cir.1983) ("[T]he standard of review does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence.").[2]

 Reconsideration may be granted in limited circumstances according to the rules of this court, *see* RCFC 59, but "[t]he decision whether to grant reconsideration lies largely within the discretion of the ... court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). The moving party must show: "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews v. United States,* 73 Fed. Cl. 524, 526 (2006) (citing *Griswold v. United States,* 61 Fed.Cl. 458, 460–61 (2004)).

## ARGUMENTS

 Plaintiff asserts that the August 2009 Opinion was incorrect in several respects. He states that the court erred when it observed that the Board adopted a medical advisory opinion: "The BCNR did not expressly adopt the medical advisory opinion as the Court states ... [Instead,]the BCNR 'substantially concurred' with the opinion." This distinction creates a difference in emphasis, but it does not appear to have a bearing on the court's decision on the merits; plaintiff did not explain its significance. In any case, the Board agreed with the medical advisory opinion.

Plaintiff contends that the Opinion wrongly stated, in plaintiff's words, that a psychiatrist in Guam "did not believe that [plaintiff] did not have a personality disorder." That is, plaintiff *did* have a personality disorder, or may have. Plaintiff had argued that the psychiatrist thought Mr. Lewis did not have a personality disorder. The court's Opinion

agreed, stating that the psychiatrist "did not believe that [Mr. Lewis] had a personality disorder." *Lewis,* 2009 WL 5549354, at *2.

Mr. Lewis asks that we amend the ruling to include psychological tests that support the diagnosis of that psychiatrist. While it is true that the psychiatrist in Guam thought the tests demonstrated that plaintiff did *not* have a personality disorder, substantial evidence in the record supported the Board's opinion that he did. The diagnosis of the psychiatrist in Guam was not sufficient to render the Board's decision arbitrary, capricious, unsupported by evidence, or contrary to law.

Plaintiff is concerned that we disregarded his Rule 56 motion. The 2009 Opinion granted defendant's motions to dismiss and for judgment on the administrative record. The effect of that ruling was to dismiss plaintiff's Complaint. All pending motions became moot and therefore are denied.

Plaintiff argues that the Opinion did not recognize the Social Security Administration's findings in this case. The Social Security Administration evaluates disability claims for the purpose of awarding disability insurance. The Corrections Board had no obligation to adopt the Social Security Administration's findings with regard to plaintiff's disability status. *See Kidwell v. Dep't of the Army, Bd. for Correction of Military Records,* 56 F.3d 279, 286–87 (D.C.Cir.1995). The Navy must determine an individual's fitness to perform his military duties at the time of separation. The Social Security Administration has no such obligation.

 Plaintiff raises one issue that calls for clarification. The Opinion states that Mr. Lewis "chose[ ] to take his case first to the BCNR." In fact, plaintiff was required to take his disability retirement claim first to the Board. *See Chambers,* 417 F.3d at 1224–25. However, this distinction has no bearing on the outcome of the case. The law of this Circuit provides that any issue not raised before a Corrections Board is waived upon appeal to this court. So far as we know, that

---

**2.** We dismissed plaintiff's claims of violations of his constitutional and civil rights, and his claims

in tort, for lack of jurisdiction. *See Lewis,* 2009 WL 5549354, at *5.

**20**

rule applies whether the issue is before the Board on a mandatory or permissive basis.[3] *See Metz*, 466 F.3d at 999.

## CONCLUSION

We regret that procedural hindrances caused Mr. Lewis' motion for reconsideration to be delayed. However, he has not demonstrated the exceptional circumstances contemplated by the rules of this court to justify sustaining a motion for reconsideration. He has not shown that manifest injustice would result from the denial of his motion for reconsideration. Plaintiff's motions for reconsideration and to alter or amend the judgment are DENIED.

SO ORDERED.

---

3. Service members generally are not required to bring actions other than disability retirement claims to Corrections Boards before filing suit in this court. If they bring an action to the Board, however, any claims they do not argue or raise are waived. Plaintiff argues here that his permissive claims should not be subject to the waiver rule because he was at the Board involuntarily. Mr. Lewis had no choice but to file his disability retirement claim at the Board because of *Chambers*. However, we know of no reason why the waiver rule would be different in a *Chambers* scenario.