# ORIGINAL

# In the United States Court of Federal Claims

No. 14-1241C
(Filed October 22, 2015)
NOT FOR PUBLICATION

FILED

OCT 2 2 2015

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * *
                                   *
                                   *
                                   *
**THOMAS E. BOWLES III,**          *
                                   *
            Plaintiff,             *
      v.                           *
                                   *
**THE UNITED STATES,**             *
                                   *
            Defendant.             *
                                   *
* * * * * * * * * * * * * * * * * *

## ORDER

On August 10, 2015, plaintiff filed a motion for reconsideration of this Court's July 31, 2015 Memorandum Opinion dismissing his case. *See* Pl.'s Mot. for Recons., ECF No. 18. One week later, on August 17, 2015, plaintiff filed a second motion for reconsideration. *See* Pl.'s Am. Mot. for Recons., ECF No. 19. Since both papers were timely filed within 28 days of entry of judgment, *see* Rule 59(b)(1), (e), Rules of the United States Court of Federal Claims (RCFC), the Court has treated the second one as amending the initial motion for reconsideration. The relevant rule states that a motion for reconsideration may be granted:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or]

> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court . . . .

RCFC 59(a)(1). To prevail under this rule, the movant must "show that: (a) an intervening change in controlling law has occurred; (b) evidence not previously available has become available; or (c) that the motion is necessary to prevent manifest injustice." *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (citing *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)).

Plaintiff has pointed to no such changes, new evidence, or potential for manifest injustice. In the first reconsideration paper, Mr. Bowles merely repeats his claim that he has been deprived of property without due process of law in violation of the Fifth Amendment to the Constitution. Pl.'s Mot. for Recons. at 1-2. As was discussed in the prior opinion, those claims are outside our jurisdiction for at least two reasons. First, plaintiff claims that he was deprived of his constitutional rights by the acts, or omissions, of New York state and New York state judges. *Id.* at 1. Those claims are necessarily outside of our jurisdiction as the only proper defendant in this court is the United States. *Bowles v. United States*, 2015 WL 4710258, at *3 (Fed. Cl. July 31, 2015). Second, in so far as plaintiff is seeking to collaterally attack judgments of other federal courts, such claims are also outside our jurisdiction. Pl.'s Mot. for Recons. at 1; *Bowles*, 2015 WL 4710258, at *3. In any event, it is not sufficient for the party seeking reconsideration to "merely reassert[] . . . arguments previously made [and] carefully considered by the court." *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993) (internal question marks and citation omitted).

In his second reconsideration paper, Mr. Bowles raises the new theory that the federal judges who heard his district court cases breached an implied contract to protect his constitutional rights. Pl.'s Am. Mot. for Recons. at 1–2. The nature of this purported implied contract is somewhat difficult to discern, but plaintiff seems to believe it stems from the judicial oath of office. *Id.* at 1. How plaintiff came to be a party to contracts formed when individual judges took their oaths of office is not explained. But "[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government." *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (quoting *Ransom v. United States,* 900 F.2d 242, 244 (Fed. Cir. 1990)).

An implied-in-fact contract is "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Baltimore & O.R.R. v. United States*, 261 U.S. 592, 597 (1923); *see also Atlas Corp. v. United States*, 895 F.2d 745, 754 (Fed. Cir. 1990). A claim based on an implied-in-fact contract must allege conduct and circumstances from which the four elements of a contract with the government may be inferred: mutuality of intent to contract, consideration, lack of ambiguity in offer and acceptance, and the actual authority to enter a binding contract on behalf of the United States. *City of El Centro v. United States*, 922 F. 2d 816, 820 (Fed. Cir. 1990). The complaint contained no such allegations and did not even mention an action for breach of contract. *See* Compl. at 1–6. Rather than resting on an intervening change in law or newly-available evidence relating to the claims raised in the complaint, this ground for reconsideration asserts jurisdiction based on a claim that was not even pled. A motion for reconsideration is not the proper vehicle for raising new causes of action, much less novel ones stated in a conclusory fashion without the necessary

elements having been alleged. *See Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006) (citing *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005)).

For the reasons stated above, plaintiff's motion for reconsideration and his amended motion for reconsideration are **DENIED**.

**IT IS SO ORDERED**.

VICTOR J. WOLSKI
Judge