**Larry L. MOORE, Plaintiff,**

v.

**DURANGO JAIL, IN MARICOPA COUNTY, PHOENIX, ARIZONA, Defendant.**

**No. 07–305C.**

United States Court of Federal Claims.

May 31, 2007.

Larry L. Moore, Tempe, Arizona, pro se.

## ORDER

HORN, Judge.

### FINDINGS OF FACT

The plaintiff, Larry L. Moore, filed a complaint in this court on May 15, 2007, alleging "negligence and assault(s) which occurred in the Maricopa County Jail," and which allegedly "caused a serious fracture(s) around the eye and bone structure." Plaintiff states that the attack occurred after he was taken out of protective custody. Plaintiff alleges that during the attack the bone structure surrounding one of his eyes was seriously fractured. Plaintiff claims that the employees of the Durango Jail, located in Maricopa County, Phoenix, Arizona, acted negligently in their failure to prevent the attack, specifically stating in his complaint, "[b]ecause this attack could have easily been prevented, somehow [plaintiff] in some-form was put in harms way." The complaint states that his claim was first filed "Under *Title US.* [sic] *Code Section 1983/Civil Action (Deprivation of Civil Rights)."* Plaintiff requests this court to award him 2.5 million dollars in damages for his suffering and as a punitive measure.

### DISCUSSION

Subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte,* and even on appeal. *See Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

Pursuant to Rule 8(a)(1) of the United States Court of Federal Claims (RCFC) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends...." RCFC 8(a)(1); Fed.R.Civ.P. 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232,

236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed. Cir.2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed. Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576, 1580 (Fed.Cir. 1997)), *cert. denied,* 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir. 2000); *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d 1166, 1167 (Fed.Cir.1995) (citing *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991)), *cert. denied,* 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989); *Ho v. United States,* 49 Fed.Cl. 96, 100 (2001), *aff'd,* 30 Fed.Appx. 964 (Fed.Cir.2002); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995).

The court acknowledges that the plaintiff is proceeding *pro se.* Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); see *also Minehan v. United States,* 75 Fed. Cl. 249, 253 (2007). " 'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation....'" *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *see also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.), *reh'g denied* (2004).

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. See 28 U.S.C. § 1491 (2000). The Tucker Act states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1)

founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *see also United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g and reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), *aff'd,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) *(en banc), cert. denied,* 465 U.S. 1065, 104

S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir. 1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

For several reasons, explained below, this court is without jurisdiction to hear plaintiff's claims. First, plaintiff's complaint asserts claims for money against an agency and personnel of Maricopa County, Arizona. When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations. *See Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The jurisdiction of this court extends only to suits against the United States. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, ... and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.), *reh'g*

*denied* (1997); *Berdick v. United States,* 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Nat'l City Bank v. United States,* 143 Ct.Cl. 154, 164, 163 F.Supp. 846, 852 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."); *Sindram v. United States,* 67 Fed.Cl. 788, 794 (2005) (noting that the jurisdiction of the United States Court of Federal Claims is confined to cases against the United States); *Kennedy v. United States,* 19 Cl.Ct. 69, 75 (1989) ("If the relief sought is other than a money judgment against the United States, the suit must be dismissed; and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court."). Therefore, to the extent that the plaintiff is bringing a claim against a defendant other than the United States, or an employee of the United States, as appears to be the case in the complaint brought by the plaintiff to this court, the complaint must be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

Additionally, the court notes that plaintiff's claim also appears to be jurisdictionally defective because plaintiff's claim of negligence sounds in tort. The Tucker Act expressly excludes tort claims from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1) (2000); *see Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir. 1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (1997); *Golden Pacific Bancorp. v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed.Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (2006).

In reviewing the jurisdiction of this court, the United States Court of Appeals for the Federal Circuit has stated:

> It is well settled that the United States Court of Federal Claims lacks-and its predecessor the United States Claims Court

lacked-jurisdiction to entertain tort claims. The Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction . . . in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by* Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *see Aetna Casualty and Surety Co. v. United States,* 655 F.2d 1047, 1059, 228 Ct.Cl. 146 (1981).

*Shearin v. United States,* 992 F.2d 1195, 1197 (Fed.Cir.1993). Accordingly, for this independent reason, also, this court does not possess subject matter jurisdiction to hear the plaintiff's claim.

Finally, this court also lacks jurisdiction over plaintiff's suggestion of a civil rights claim. Plaintiff references 42 U.S.C. § 1983 (2000), which permits "any citizen of the United States or other person within the jurisdiction thereof" to seek redress at either law or equity for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." However, jurisdiction over section 1983 claims are conferred exclusively on United States District Courts. See 28 U.S.C. § 1343(a)(4) (2000)((a)"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . . (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."). Accordingly, this court does not have jurisdiction to hear plaintiff's claims arising under 42 U.S.C. § 1983. *See also Doe v. United States,* 74 Fed.Cl. 794, 798 (2006).

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED,** with prejudice, for lack of subject matter jurisdiction. The clerk's office shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**