Kenneth BOWLING, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 10–26C.

United States Court of Federal Claims.

June 7, 2010.

Opinion Denying Reconsideration
July 20, 2010.

---

Kenneth Bowling, Ontario, OR, pro se.

Vincent D. Phillips, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Chief Judge.

Following surgery for lung cancer, Kenneth Bowling (plaintiff or Mr. Bowling) filed a Complaint (Complaint or Compl.) against the United States (defendant or United

States) on January 13, 2010, in which he asserts that he is entitled to relief as a result of defendant's gross negligence in exposing him to roofing materials containing asbestos during the course of his employment with the Navy Public Works Center (PWC).

## I. Background

Before the court are plaintiff's Complaint; Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), Docket Number (Dkt. No.) 7, filed February 23, 2010; Plaintiff's "Motion of Argument to Defendant's Motion to Dismiss" (plaintiff's Response or Pl.'s Resp.), Dkt. No. 11, filed March 17, 2010; and Defendant's Reply in Support of Its Motion to Dismiss (defendant's Reply or Def.'s Reply), Dkt. No. 14, filed April 5, 2010. The United States asserts that plaintiff's Complaint must be dismissed in its entirety for lack of subject matter jurisdiction. Def.'s Mot. 1. Mr. Bowling asserts that three federal statutes provide him with a basis for relief and confer subject matter jurisdiction on the United States Court of Federal Claims (CFC): (1) the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 (2006); (2) the Federal Employee Compensation Act (FECA), 5 U.S.C. §§ 8101–8193 (2006); and (3) the Occupational Safety and Health Act (OSHA), 29 U.S.C. §§ 651–678 (2006). Pl.'s Resp. 1–4. Alternatively, plaintiff requests that the court transfer his case should it lack subject matter jurisdiction. Pl.'s Resp. 8.

Also before the court are Plaintiff's "Motion to Request Leave from the Court for Amended Claim Petition" (plaintiff's Motion or Pl.'s Mot.), Dkt. No. 18, filed April 26, 2010; and Defendant's Response in Opposition to Motion for Leave to Amend Complaint (defendant's Response or Def.'s Resp.), Dkt. No. 19, filed May 13, 2010. The court considers whether a grant of plaintiff's Motion would affect the outcome of the case. Because the court concludes that it lacks subject matter jurisdiction for the reasons stated below, the proposed amendment will

not affect the outcome of the case. Plaintiff's Motion is therefore DENIED.

In 1977, PWC employed Mr. Bowling in San Die go, California. Compl. 3; Def.'s Mot. 1. Mr. Bowling asserts that during the course of his employment at PWC, he used roofing products manufactured by Johns Manville Corporation that contained asbestos and lacked proper warnings. Compl. 1, 3; Def.'s Mot. 1–2. Further, Mr. Bowling asserts that PWC failed to follow proper safety measures as required by OSHA. Compl. 3; Def.'s Mot. 1. Mr. Bowling subsequently worked for other roofing entities but asserts that these employers complied with OSHA regulations and therefore could not be responsible for his lung damage. Compl. 4; see Def.'s Mot. 1–2. In December of 2007, Mr. Bowling underwent surgery for lung cancer, which, he asserts, he developed as a result of asbestos exposure during his employment at PWC. Compl. 3, 5–6. Mr. Bowling seeks damages from PWC for his complete and permanent disability resulting from asbestos exposure. Compl. 4. Mr. Bowling also seeks ten million dollars from Johns Manville Corporation.[1] Pl.'s Resp. 7.

## II. Legal Standards

### A. Subject Matter Jurisdiction

Because subject matter jurisdiction is a threshold matter, it must be established before the case can proceed on the merits. *Steel Co. v. Citizens for a Better Env't* (*Steel Co.*), 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed.Cir. 2007). Plaintiff bears the burden of establishing subject matter jurisdiction, and the court may determine whether he has met this burden once he has had an opportunity to be heard on the matter. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988) (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir.1969)).[2] If

---

**1.** Plaintiff's "Motion of Argument to Defendant's Motion to Dismiss" (plaintiff's Response or Pl.'s Resp.) states—in explanation of the ten million dollars he seeks in damages—that "this is a suit of three times damages sought, for inflation, cost of home care, lung transplant (x2), mech[anical] lung (new 2008), before, dur[ ]ing, or after trans-

plant of lungs if needed. Pain and suffering as result of injury." Pl.'s Resp. 7.

**2.** Complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*,

the court determines that it lacks subject matter jurisdiction, it must dismiss the claim. *Steel Co.*, 523 U.S. at 94, 118 S.Ct. 1003; *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

■ The jurisdiction of the CFC is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). The Tucker Act provides that the CFC has jurisdiction to hear claims against the United States founded upon "any Act of Congress or any regulation of an executive department ... for liquidated or unliquidated damages in cases *not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (emphasis added). Therefore, the CFC lacks the authority to hear tort claims against the United States because the Tucker Act expressly excludes such claims from the jurisdiction of the court. *See Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997) (citing 28 U.S.C. § 1491(a) and *Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)); *see, e.g., Souders v. S.C. Pub. Serv. Auth.* (*Souders*), 497 F.3d 1303, 1307 n. 5 (Fed.Cir.2007) (holding that plaintiff's negligence claims sounded in tort and thus were beyond the jurisdiction of the CFC and could not be transferred there); *Moore v. Durango Jail* (*Moore*), 77 Fed. Cl. 92, 96 (2007) (holding that the CFC did not have jurisdiction over plaintiff's claim because "plaintiff's claim of negligence sounds in tort").

Further, the CFC has jurisdiction only over claims against the United States. 28 U.S.C. § 1491(a)(1); *see United States v. King*, 395 U.S. 1, 2–3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) (stating that the jurisdiction of the CFC "has been limited to money claims against the United States [g]overnment" since Congress created the court in 1855); RCFC 10(a) (stating that the title of the complaint must designate the United States as defendant); *see also* RCFC 4 rules committee note (2002 rev.) (stating that "only the United States is properly the named defendant").

The proper forum for federal tort claims is a United States district court. 28 U.S.C.

§ 1346(b)(1) (2006). Under 28 U.S.C. § 1346(b)(1), United States district courts have exclusive jurisdiction to hear tort claims against the United States, including all FTCA claims. *See id.* However, before an FTCA claim may proceed in a district court, the claimant must first present his claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Only after the appropriate agency issues a final decision denying an FTCA claim may it be brought in a United States district court. *Id.*

### B. Transfer for Lack of Subject Matter Jurisdiction

Under 28 U.S.C. § 1631 (2006), a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. 28 U.S.C. § 1631; *see Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed.Cir. 1988). An FTCA claim could have been brought in a federal court only if administrative remedies were exhausted at the time the case was filed. 28 U.S.C. § 2675(a).

### III. Application of Legal Standards to This Case

For the following reasons, this court finds that it lacks subject matter jurisdiction over all of Mr. Bowling's claims. Additionally, it finds that transfer of Mr. Bowling's case to another federal court of the United States is not appropriate.

### A. This Court Lacks Subject Matter Jurisdiction over Mr. Bowling's Claims

Neither plaintiff's Complaint nor his Response establishes that his claim falls within this court's subject matter jurisdiction as defined by the Tucker Act. *See* Compl. *passim;* Pl.'s Resp. *passim.* In particular, the court finds that it lacks subject matter jurisdiction for three reasons.

404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, pro se plaintiffs must meet jurisdictional requirements. *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004) (unpublished decision).

First, Mr. Bowling's claim against the United States sounds in tort. *See* Compl. *passim.* Mr. Bowling titles his Complaint "Tort Claim," and seeks damages for personal injuries resulting from alleged negligence. *Id.* at 1, 3. As a general matter, negligence claims are tort claims. *See Souders,* 497 F.3d at 1307 n. 5 (stating that negligence claims fall within the broader category of tort claims); *Moore,* 77 Fed. Cl. at 96 (categorizing a negligence claim as one sounding in tort). This places Mr. Bowling's claim beyond the scope of this court's jurisdiction because this court may only hear cases that do *not* sound in tort. *See* 28 U.S.C. § 1491(a)(1).

Second, although Mr. Bowling asserts that each of FTCA, FECA, and OSHA provides a separate basis of subject matter jurisdiction for his claim against the United States, he is mistaken in this belief. *See* Pl.'s Resp. 1–4. While these federal statutes provide federal remedies, they do not expand the jurisdiction of this court or allow the court to hear Mr. Bowling's claim.

The FTCA is subject to 28 U.S.C. § 1346(b)(1), which gives United States district courts exclusive jurisdiction over tort claims against the government. *See* 28 U.S.C. § 1346(b)(1). While the FTCA provides a waiver of the United States' sovereign immunity in negligence cases such Mr. Bowling's, the waiver applies only in federal district court. *See* 28 U.S.C. §§ 1346(b)(1), 2674. The United States argues that Mr. Bowling's claim must be dismissed because jurisdiction over FTCA claims does not extend to the CFC, where Mr. Bowling has brought his claim. Def.'s Reply 2. Mr. Bowling's assertion that the FTCA extends jurisdiction to the CFC, *see* Pl.'s Resp. 1–2, is incorrect. The CFC has no subject matter jurisdiction over tort claims and therefore is unable to offer relief to Mr. Bowling under the FTCA.

Further, the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), exempts the government from liability on FTCA claims based on the failure of either a government employee or a federal agency to perform a discretionary duty. 28 U.S.C. § 2680(a). Mr. Bowling asserts that the dis-

cretionary function exception to the FTCA provides him with a basis for relief because it makes compliance with OSHA regulations mandatory rather than discretionary. Pl.'s Resp. 5–6. However, as defendant's Reply underscores, Mr. Bowling's reliance on the discretionary function exception is misplaced because the provision has no relationship to OSHA and in fact precludes relief under the FTCA in certain instances in federal district courts by revoking the sovereign immunity waiver. Def.'s Reply 3 (citing Pl.'s Resp. 2). Mr. Bowling's reading of 28 U.S.C. § 2680(a) is incorrect. The provision does not provide him with a basis for recovery. Mr. Bowling can obtain relief under FTCA only if he first presents his claim to the appropriate federal agency and exhausts the available administrative remedies. *See* 28 U.S.C. § 2675(a). If the agency issues a final decision denying his claim, he may then bring his claim in a United States district court under 28 U.S.C. § 1346(b)(1).

Similarly, FECA does not expand this court's jurisdiction to encompass Mr. Bowling's claim. FECA provides for employee compensation in the event of disability or death caused by injuries sustained in the course of job performance. 5 U.S.C. § 8102. If an employee of the United States seeks such compensation under FECA, the remedy is exclusive and bars any recovery against the United States in a judicial proceeding. 5 U.S.C. § 8116(c). FECA claims are made to and administered by the office of the Secretary of Labor. 5 U.S.C. § 8121.

Nevertheless, Mr. Bowling asserts that FECA provides a basis of subject matter jurisdiction. Pl.'s Resp. 2. The United States states, correctly, that FECA precludes recovery under federal tort statutes in federal courts when it applies. Def.'s Reply 4 (citing *Metz v. United States,* 723 F.Supp. 1133, 1135–36 (D.Md.1989)); *see* 5 U.S.C. § 8116(c) (stating liability of the United States under 5 U.S.C. §§ 8101–8193 with respect to employee's injury or death is exclusive and in place of all other liability). If Mr. Bowling has a valid claim under FECA, he must present it to the Secretary of Labor and is thereby precluded from any remedy in

federal court. *See* 5 U.S.C. §§ 8101–8193. Regardless of whether Mr. Bowling has a valid FECA claim, this court has no authority to hear or administer FECA claims.

Much like FECA, OSHA provides a framework for remedies claimed and enforced through the office of the Secretary of Labor. *See* 29 U.S.C. § 651–678. Employers are required to comply with the standards set out in OSHA and to furnish employees with a place of employment "free from recognized hazards that are causing or are likely to cause death or serious physical harm." *Id.* § 654(a). The Secretary of Labor investigates alleged OSHA violations as they are reported. *Id.* § 657(f). After an investigation, employers may be assessed a penalty for failure to correct noncompliant behavior within the specified time. *Id.* § 659(b). Mr. Bowling asserts that OSHA confers on the CFC the necessary subject matter jurisdiction to hear his claim. *See* Pl.'s Resp. 2, 3–4. The United States replies, correctly, that OSHA does not provide this court with authority to hear Mr. Bowling's claim based on violations of the act. *See* Def.'s Reply 5–6. Such violations are properly reported to the office of the Secretary of Labor in accordance with the procedure for reporting an OSHA violation outlined in the statute. *See* 29 U.S.C. § 651–678. This court has no jurisdiction over OSHA claims.

Third, Mr. Bowling's claim against Johns Manville Corporation for ten million dollars in damages, *see* Compl. 1; Pl.'s Resp. 2–3, 6–7, is beyond the jurisdiction of this court. The Tucker Act limits the jurisdiction of the CFC to claims against the government for money. 28 U.S.C. § 1491(a)(1); *see King*, 395 U.S. at 2–3, 89 S.Ct. 1501. Johns Manville is a Berkshire Hathaway company, not a government entity. *See* Johns Manville Home Page, http://www.jm.com (last visited May 27, 2010). Further, Mr. Bowling asserts that Johns Manville was negligent because the company failed to place warning labels on a roll roofing product it produced, which Mr. Bowling used in the course of his employment at PWC. *See* Compl. 3. Because negligence claims are a type of tort claim, Mr. Bowling's claim against Johns Manville is one sounding in tort. *See Souders*, 497

F.3d at 1307 n. 5 (stating that negligence claims fall within the broader category of tort claims); *Moore*, 77 Fed.Cl. at 96 (categorizing a negligence claim as one sounding in tort). This court has no jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1). Mr. Bowling's claim against Johns Manville therefore falls outside the scope of jurisdiction of the CFC.

### B. Transfer of the Case to Another Court Is Not Appropriate

Although this court lacks jurisdiction over Mr. Bowling's claim against the United States, it may not transfer this claim to a United States district court because Mr. Bowling could not have brought this case in a district court at the time it was filed.

The exclusive jurisdiction of the district courts over tort claims against the United States extends only to FTCA claims that were first presented to the appropriate federal agency. 28 U.S.C. § 2675(a). Mr. Bowling asserts that this court should transfer his claim to a proper jurisdiction if transfer is needed. Pl.'s Resp. 8. The United States replies that transfer is inappropriate because Mr. Bowling has failed to show that he pursued his claim with any administrative agency as required under 28 U.S.C. § 2675(a). Def.'s Mot. 3–4; Def.'s Reply 6. Mr. Bowling fails to address this matter in his Complaint and Response and has failed to provide any basis for concluding that he has pursued his claim with the appropriate agency and exhausted available administrative remedies. *See* Compl. *passim;* Pl.'s Resp. *passim.*

Therefore, at the time plaintiff's Complaint was filed, Mr. Bowling's claim against the United States could not have been brought in a United States district court because he failed to show that he first pursued any administrative remedies. Accordingly, this court may not transfer Mr. Bowling's claim against the United States to a district court. *Cf.* 28 U.S.C. § 1631 (allowing transfer only to a court in which case "could have been brought"). The court does not consider whether, if the claim had been pursued with the appropriate agency, transfer would be in the interest of justice. Further, because

United States district courts have exclusive jurisdiction over tort claims against the government, no other forum exists to which this claim could be transferred.

■ This court also has no jurisdiction over Mr. Bowling's claim against Johns Manville Corporation because the CFC has no jurisdiction over claims against private parties. *See* 28 U.S.C. § 1491(a)(1); *King,* 395 U.S. at 2–3, 89 S.Ct. 1501. Accordingly, the court has considered whether it could transfer Mr. Bowling's claim against Johns Manville Corporation to another federal court. 28 U.S.C. § 1631 (granting a federal court authority to transfer a case to another federal court in certain circumstances); *see* 28 U.S.C. § 610 (defining "courts"); *cf. Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the CFC should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction). As discussed below, the court has not been able to identify a claim that is cognizable in federal court that would afford Mr. Bowling the relief he seeks against Johns Manville Corporation in the complaint. *See* Compl. 3 (stating the cause for complaint against Johns Manville Corporation as a lack of warning labels on a particular roofing product produced by the company).

■ The court first considers whether Mr. Bowling has a claim against Johns Manville Corporation under federal law. The Environmental Protection Agency (EPA) regulates asbestos according to the framework provided by the Toxic Substances Control Act of 1976 (TSCA), 15 U.S.C. §§ 2601–2692 (2006); *see* EPA Asbestos Home Page, http://www.epa.gov/asbestos (last visited May 27, 2010). TSCA provides the EPA Administrator with authority to prohibit manufacture, processing or distribution of, or otherwise to regulate, any substance that he determines poses "an unreasonable risk of injury to health or the environment." 15 U.S.C. § 2605(a). As a general matter, any person who violates a rule promulgated under section 2605(a) becomes liable to the United States, not to a private party. *See id.* §§ 2614–2615. However, TSCA includes a citizen suit provision allowing a person to bring a civil suit in a United States district court against any person, the United States, or any government agency that is alleged to be in violation of TSCA or rules promulgated under TSCA. *Id.* § 2619(a). Nonetheless, this provision does not provide Mr. Bowling with a federal claim against Johns Manville Corporation that would allow this court to transfer his personal injury claim to a district court under 28 U.S.C. § 1631.

First, Mr. Bowling does not allege that Johns Manville violated TSCA, nor does he point to any rule promulgated under TSCA that would have required Johns Manville Corporation to place certain warning labels on its roofing product. *See* Compl. *passim;* Pl.'s Resp. *passim.* Second, the citizen suit provision of TSCA is not intended for personal injury claims. *See* 15 U.S.C. § 2619(a)(1) (stating that under this section, any person may commence a civil action against any other person, the United States or a governmental agency alleged to be in violation of the TSCA or any rules promulgated under the TSCA to restrain such violation). Finally, even if Mr. Bowling did have a legitimate claim under TSCA, the claim could only have been brought in a district court if Mr. Bowling had first given sixty days' prior notice of the violation to the EPA Administrator and the party alleged to be in violation. *See id.* § 2619(b)(1)(A). Mr. Bowling gives no indication that such notice was given. *See* Compl. *passim;* Pl.'s Resp. *passim.* For these reasons, Mr. Bowling's claim against Johns Manville Corporation could not have been brought under TSCA in a United States district court at the time he filed his Complaint. *See* 15 U.S.C. § 2619(b). This court, therefore, lacks the authority to transfer any claims Mr. Bowling might have under TSCA against Johns Manville Corporation. *See* 28 U.S.C. § 1631.

■ Three other federal statutes regulate asbestos: (1) the Clean Air Act (CAA), 42 U.S.C. §§ 7401–7671 (2006), (2) the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601–9675 (2006), and (3) the Clean Water Act (CWA), 33 U.S.C. §§ 1251–1387 (2006). However, each of these statutes is intended to address environmental harm

rather than personal injury claims. For instance, the CAA allows any person to bring suit for the enforcement of emission standards or limitations, *see* 42 U.S.C. § 7604(a), including those that relate to asbestos, *see id.* § 7412(a)(6), (b) (including asbestos in the definition of "hazardous air pollutant"). Similarly, CERCLA provides for the clean-up costs of hazardous substances, including asbestos, that are released during transport, disposal or treatment. *See id.* § 9607(a) (allowing for recovery of such costs incurred in accordance with the national contingency plan); EPA Designation of Hazardous Substances, 40 C.F.R. § 302.4 (2009) (listing asbestos as a hazardous substance). The CWA, likewise, provides a framework for "restor[ing] and maintain[ing] the chemical, physical, and biological integrity of the [n]ation's waters," in part by eliminating the discharge of pollutants into navigable waters. *See* 33 U.S.C. §§ 1251(a), 1362(6) (defining "pollutant"). Because none of these statutes provides a private right of action for personal injury claims, none of them provides this court with a basis for transferring Mr. Bowling's personal injury claim against Johns Manville Corporation. *See* 28 U.S.C. § 1631 (allowing transfer only if the case could have been brought in the transferee court at the time the Complaint was filed).

Finally, the court finds inadequate grounds in plaintiff's Complaint for concluding that Mr. Bowling has met the requirements for bringing any state claim that he may have against Johns Manville Corporation in a diversity action in federal court. *See* Compl. *passim;* 28 U.S.C. § 1332(a) (2006) (providing for diversity jurisdiction in federal court when certain conditions are met); *see also John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir.1967) (stating that "diversity of citizenship must be apparent from the pleadings" in cases based on diversity jurisdiction). Therefore, transfer of Mr. Bowling's claim against Johns Manville Corporation to another federal court on the basis of diversity jurisdiction is inappropriate. *See* 28 U.S.C. §§ 610, 1631. The court lacks authority to transfer Mr. Bowling's claim against Johns Manville Corporation to a state court. *Id.*

## IV. Other Pending Motions

Mr. Bowling filed a "Limited Discovery Request" (plaintiff's Discovery Motion) and a "Motion in Support of; Expansion of; Limited Discovery Request" (plaintiff's Second Discovery Motion). Because this court lacks jurisdiction over Mr. Bowling's case, plaintiff's Discovery Motion and Second Discovery Motion are MOOT.

## V. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED. The court also DENIES as MOOT all other pending motions. The Clerk of Court shall ENTER JUDGMENT in favor of defendant United States. No costs.

IT IS SO ORDERED.

### OPINION AND ORDER

Before the court is plaintiff's Motion for Reconsideration, Summary of Complaint (plaintiff's Motion or Pl.'s Mot.), Docket Number (Dkt. No.) 22, filed June 28, 2010. Kenneth Bowling (plaintiff or Mr. Bowling) moves the court for reconsideration of the court's June 7, 2010 Opinion, *Bowling v. United States* (*Bowling* or Opinion), 93 Fed. Cl. 551, 2010 WL 2594319 (2010). *See* Pl.'s Mot. 1. In *Bowling*, plaintiff asserted that the United States (defendant, United States or the government), acted with gross negligence in exposing him to roofing materials containing asbestos during the course of his employment with the Navy Public Works Center (PWC). *Bowling*, at 555, 2010 WL 2594319, at *1. This court concluded that it lacked subject matter jurisdiction over Mr. Bowling's claims, and that transfer of this case to another court was inappropriate. *Id.* at 556, 558–59, 2010 WL 2594319, *3, 5. Plaintiff filed his Motion, seeking reconsideration of the court's earlier ruling. Pl.'s Mot. 1. For the following reasons, plaintiff's Motion for Reconsideration is DENIED.

## I. Background

In 1977, PWC employed Mr. Bowling in San Diego, California. *Bowling*, at 555, 2010 WL 2594319, at *1. Mr. Bowling asserts that during the course of his employment at

PWC, he used roofing products manufactured by Johns Manville Corporation (Johns Manville Corp.) that contained asbestos and lacked proper warnings. *Id.;* Pl.'s Mot. 5. Further, Mr. Bowling asserts that PWC failed to follow proper safety measures as required by the Occupational Safety and Health Administration (OSHA). *Bowling*, at 555, 2010 WL 2594319, at *1; Pl.'s Mot. 5. Mr. Bowling seeks damages and a 100% disability rating from PWC for his complete and permanent disability resulting from asbestos exposure. *Bowling*, at 555, 2010 WL 2594319, at *1; Pl.'s Mot. 1. Mr. Bowling also seeks $10 million from Johns Manville Corp. for lack of warning labels on its products. *Bowling*, at 555, 2010 WL 2594319, at *1; Pl.'s Mot. 5.

Plaintiff seeks reconsideration, asserting that the United States Court of Federal Claims (CFC) has jurisdiction to hear his claims against the government and against Johns Manville Corp. under the "rule of necessity." Pl.'s Mot. 2–3, 7. Plaintiff asserts that the court has jurisdiction and can hear his tort claim because, as a pro se plaintiff, he should be held to a "less stri[n]gent standard[ ]." Pl.'s Mot. 4–5. Further, plaintiff asserts that jurisdiction is appropriate because he is seeking money damages in excess of $10,000. Pl.'s Mot. 2–3, 6.

## II. Legal Standards

The applicable standards for reconsideration of final decisions are set forth in RCFC 59(a) and RCFC 60(b). Plaintiff does not invoke either rule in his filing.[1] *See* Pl.'s Mot. *passim.* RCFC 59(a) provides that rehearing or reconsideration may be granted as follows:

(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been

granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1). Further, "[t]he court may, on motion under this rule, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." RCFC 59(a)(2). "A motion to alter or amend a judgment must be filed no later than 30 days after the entry of the judgment." RCFC 59(e). Plaintiff's Motion was filed on June 28, 2010 and was timely filed.

 "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.1990). "The court must consider such motion with 'exceptional care.'" *Henderson County Drainage Dist. No. 3 v. United States*, 55 Fed.Cl. 334, 337 (2003) (quoting *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. 298, 300 (1999)). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." *Matthews v. United States*, 73 Fed.Cl. 524, 525 (2006) (quoting *Froudi v. United States*, 22 Cl.Ct. 290, 300 (1991)). "Motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Fru–Con Constr. Corp.*, 44 Fed. Cl. at 300 (brackets omitted) (quoting *Seldovia Native Ass'n Inc. v. United States*, 36 Fed.Cl. 593, 594 (1996), *aff'd*, 144 F.3d 769 (Fed.Cir.1998)).

 The moving party must support its motion for reconsideration by a showing

---

1. Under Rule 59 of the Rules of the Court of Federal Claims (RCFC), a plaintiff may seek reconsideration for any reason a new trial or rehearing has been granted or upon a demonstration of manifest injustice. RCFC 59(a)(1). Under RCFC 60, relief from final judgment may be granted if there has been "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." RCFC 60(b)(3). Although

plaintiff does not seek expressly seek reconsideration or relief under either RCFC 59 or 60, there are no allegations of fraud, misrepresentation, or misconduct in plaintiff's Motion for Reconsideration, Summary of Complaint (plaintiff's Motion or Pl.'s Mot.). *See* Pl.'s Mot. *passim.* Further, plaintiff's Motion is timely filed under RCFC 59. *See* RCFC 59(e). Accordingly, the court will address plaintiff's Motion as a motion for reconsideration under RCFC 59.

of exceptional circumstances justifying relief, based on a manifest error of law or mistake of fact. *Henderson,* 55 Fed.Cl. at 337; *Principal Mut. Life Ins. Co. v. United States,* 29 Fed.Cl. 157, 164 (1993). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews,* 73 Fed.Cl. at 526 (citing *Griswold v. United States,* 61 Fed.Cl. 458, 460–61 (2004)). Accordingly, the moving party "must do more than 'merely reassert[ ] arguments which were previously made and were carefully considered by the court.' " *Bannum, Inc. v. United States,* 59 Fed.Cl. 241, 243 (2003). A court "will *not* grant a motion for reconsideration if the movant 'merely reasserts ... arguments previously made ... all of which were carefully considered by the Court.' " *Ammex, Inc. v. United States,* 52 Fed.Cl. 555, 557 (2002) (emphasis and omissions in original) (quoting *Principal Mut. Life Ins. Co.,* 29 Fed.Cl. at 164).

■ Further, even a pro se party may not "prevail on a motion for reconsideration by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." *Matthews,* 73 Fed.Cl. at 525–26 (citing *Lamle v. Mattel, Inc.,* 394 F.3d 1355, 1359 n. 1 (Fed.Cir.2005)). Similarly, a motion for reconsideration "should not be based on evidence that was readily available at the time the motion was heard." *Seldovia Native Ass'n Inc.,* 36 Fed.Cl. at 594.

■ In a motion for reconsideration, under RCFC 59(a), "manifest" is understood as "clearly apparent or obvious." *Ammex, Inc.,* 52 Fed.Cl. at 557. " 'Manifest injustice' thus refers to injustice that is apparent almost to the point of being indisputable." *Pac. Gas. & Elec. Co. v. United States,* 74 Fed.Cl. 779, 785 (2006), *rev'd on other grounds,* 536 F.3d 1282 (Fed.Cir.2008).

III. Discussion

A. There Has Been No Change in Controlling Law

■ The jurisdiction of the CFC is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). The Tucker Act provides that the CFC has jurisdiction to hear claims against the United States founded upon "any Act of Congress or any regulation of an executive department ... for liquidated or unliquidated damages in cases *not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (emphasis added). Therefore, the CFC lacks the authority to hear tort claims against the United States because the Tucker Act expressly excludes such claims from the jurisdiction of the court. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997) (citing 28 U.S.C. § 1491(a); *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)); *see also Souders v. S.C. Pub. Serv. Auth.,* 497 F.3d 1303, 1307 n. 5 (Fed. Cir.2007) (holding that plaintiffs' negligence claims sounded in tort and thus were beyond the jurisdiction of the CFC and could not be transferred there).

■ Further, the CFC has jurisdiction only over claims against the United States. 28 U.S.C. § 1491(a)(1); *see United States v. King,* 395 U.S. 1, 2–3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) (stating that the jurisdiction of the CFC is "limited to money claims against the United States [g]overnment"); RCFC 10(a) (stating that the title of the complaint must designate the United States as defendant); *see also* RCFC 4 rules committee note (2002) (stating that "only the United States is properly the named defendant"). In his Motion, plaintiff reiterates that he is seeking money from the United States and from Johns Manville Corp. Pl.'s Mot. 5–6. The CFC has no jurisdiction to hear cases brought against any defendant other than the United States government. *See* 28 U.S.C. § 1491(a)(1). The CFC therefore lacks jurisdiction to hear claims against Johns Manville Corp. *See id.*

■ Plaintiff contends that because he is seeking more than $10,000 in money damages, his claim falls within the jurisdiction of the CFC. Pl.'s Mot. 4–6. Plaintiff further asserts that the court has jurisdiction over his tort claim because as a pro se plaintiff, he should be held to a less stringent standard.

*Id.* It is true that pleadings filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nonetheless, pro se plaintiffs must meet jurisdictional requirements. *Bernard v. United States*, 59 Fed.Cl. 497, 499, *aff'd*, 98 Fed. Appx. 860 (Fed.Cir.2004) (unpublished decision). The jurisdiction of the CFC expressly excludes all tort claims, regardless of the amount of money damages sought. 28 U.S.C. § 1491(a)(1). This limitation is jurisdictional, and even under the less stringent standards afforded a pro se plaintiff, the CFC has no jurisdiction to hear plaintiff's tort claims. *See id.* Because there has been no change in the applicable law, plaintiff is not entitled to reconsideration on the ground of "an intervening change in the controlling law...." *Matthews*, 73 Fed.Cl. at 526.

### B. There Is No Previously Unavailable Evidence

Plaintiff does not raise any new evidence in his Motion. *See* Pl.'s Mot. *passim.* Plaintiff reiterates the claims he raised in earlier filings: that PWC's failure to conform to OSHA rules led to plaintiff's asbestos exposure, and that PWC's negligence resulted in plaintiff's disability. Pl.'s Mot. 5–7. A party, even a pro se party, cannot prevail on a motion for reconsideration by raising an issue that was litigated, or could have been litigated at the time the complaint was filed. *Matthews*, 73 Fed.Cl. at 525–26 (construing pro se plaintiff's pleadings liberally but nevertheless finding that a pro se plaintiff cannot prevail on reconsideration by offering previously available evidence). Plaintiff has pointed to no previously unavailable evidence that would make reconsideration appropriate.

### C. Plaintiff Is Unable to Demonstrate Manifest Injustice

█ Plaintiff has likewise failed to demonstrate that there has been manifest injustice. There is nothing that the plaintiff points to, or that the court can discern, that approaches the requisite level of injustice needed to support reconsideration. *See Pac. Gas & Elec. Co.*, 74 Fed.Cl. at 785. Plaintiff is dissatisfied with the result, but dissatisfaction does not warrant reconsideration. *See Shirlington Limousine & Transp., Inc.*, 78 Fed.Cl. 27, 31 (2007); *Seldovia Native Ass'n Inc.*, 36 Fed.Cl. at 594. Plaintiff fails to establish the manifest injustice necessary to prevail on a motion for reconsideration. *See Shirlington Limousine & Transp., Inc.*, 78 Fed.Cl. at 31.

### IV. Conclusion

Because plaintiff's Motion for Reconsideration failed to show the occurrence of an intervening change in the controlling law, the availability of previously unavailable evidence, or the necessity of allowing the motion to prevent manifest injustice caused by a manifest error of law or mistake of fact, plaintiff's Motion is DENIED. No costs.

IT IS SO ORDERED.