# In the United States Court of Federal Claims

No. 13-1025C
(Filed: January 3, 2014)

```
*************************************
JANIE WEEKS,                          *
                                      *
                Plaintiff,            *
                                      *
 v.                                   *
                                      *
THE UNITED STATES,                    *
                                      *
                Defendant.            *
*************************************
```

## ORDER

On December 30, 2013, plaintiff in the above-captioned case filed a complaint in which she named as defendants the United States and the Housing Authority of the City of Opp, Alabama. However, it is well settled that the United States is the only proper defendant in the United States Court of Federal Claims ("Court of Federal Claims"). See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); R. U.S. Ct. Fed. Cl. 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States . . . ."). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Moore v. Pub. Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Accordingly, the court **DISMISSES** plaintiff's claims against the Housing Authority of the City of Opp, Alabama.[1]

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[1] The court's dismissal of the housing authority as a defendant does not preclude the housing authority from subsequently appearing as an interested party pursuant to Rule 14 of the Rules of the United States Court of Federal Claims, if the circumstances so warrant.