NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LISA ANN DEWEESE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1791

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00014-MBH, Senior Judge Marian Blank Horn.

---

Decided:  December 6, 2024

---

LISA ANN DEWEESE, Albuquerque, NM, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before PROST, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

Pro se Appellant Lisa Ann Deweese appeals a judgment of the United States Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction.  We affirm.

BACKGROUND

This matter originates from child custody proceedings in the State of New Mexico concerning allegations that Ms. Deweese abused or neglected her child.  *See, e.g.*, SAppx2–4.[1]  On December 9, 2013, a New Mexico children's court division entered a stipulated judgment against Ms. Deweese, which provided that the State of New Mexico Children, Youth and Families Department ("CYFD") would retain custody of Ms. Deweese's child and implement a treatment plan for Ms. Deweese.  Appx24–28.[2]

On January 2, 2024, Ms. Deweese filed a complaint against the federal government in the United States Court of Federal Claims ("Claims Court"), alleging breach of multiple contracts, violation of due process rights, and tortious acts based on facts relating to the New Mexico child custody proceedings.  SAppx2.  The alleged contracts undergirding Ms. Deweese's breach of contract claims are a signed mediation agreement and the treatment plan provided by the New Mexico CYFD.  SAppx3.

---

[1]  As used herein, "SAppx" refers to the supplemental appendix accompanying Appellee's Corrected Informal Response Brief, which is docketed at Case No. 24-1794, Doc. 19.

[2]  As used herein, "Appx" refers to the appendix accompanying Appellant's Informal Brief, which is docketed at Case No. 24-1791, Doc. 14, and the cited pages correspond to the page numbering as docketed at Doc. 14.

On January 25, 2024, the government moved to dismiss Ms. Deweese's complaint for lack of subject matter jurisdiction. SAppx6. The government argued lack of jurisdiction because the alleged contracts are neither money-mandating nor contracts with the federal government, and the due process and tort claims asserted by Ms. Deweese are not within the jurisdiction of the Claims Court. SAppx6. The Claims Court agreed with the government and dismissed the action without prejudice for lack of jurisdiction. SAppx19.

Ms. Deweese timely appealed the dismissal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). Although "pro se pleadings are to be liberally construed," *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citation omitted), pro se plaintiffs must still establish the Claims Court's jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002).[3]

The Claims Court is a court of limited jurisdiction. Under the Tucker Act, 28 U.S.C. § 1491, the Claims Court has jurisdiction over actions founded upon "any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* § 1491(a)(1). The Tucker Act does not create a substantive cause of action. *Fisher v. United States*, 402 F.3d 1167,

---

[3] We summarize Ms. Deweese's informal claims liberally construing Ms. Deweese's amended complaint. SAppx2–19. Accordingly, the referenced "complaint" refers to Ms. Deweese's amended complaint, as filed on January 2, 2024. SAppx2.

1172 (Fed. Cir. 2005) (en banc in relevant part). Rather, plaintiffs who pursue claims under the Tucker Act must also "identify a separate source of substantive law that creates the right to money damages." *Id.*

This court has identified three types of monetary claims that fall within the Claims Court's jurisdiction: (1) claims alleging a contract between the plaintiff and the government, (2) claims where the plaintiff has paid money to the government and seeks a full or partial refund of that money, and (3) claims where the plaintiff has not paid any money but asserts he is nevertheless entitled to a payment from the treasury. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004).

In view of the foregoing, we conclude that the Claims Court correctly determined it lacked jurisdiction. First, Ms. Deweese failed to plead the existence of a valid contract between her and the federal government. The contracts she does allege are agreements between Ms. Deweese and the State of New Mexico. Appx24–27. Despite Ms. Deweese's assertion to the contrary, the State of New Mexico is not the federal government. These agreements therefore do not constitute an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (noting the express or implied contract must be "with the United States"); *see also Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Accordingly, the Claims Court does not have jurisdiction over Ms. Deweese's breach of contract claims.

Second, Ms. Deweese's due process and tort claims also fail to establish the Claims Court's jurisdiction. "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under

the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citation omitted).  It is also well established that the Claims Court does not have jurisdiction over tort claims.  *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007).  The Tucker Act expressly limits the Claims Court's jurisdiction to "cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). Accordingly, the Claims Court lacks jurisdiction over Ms. Deweese's due process and tort claims.

## CONCLUSION

We have considered Ms. Deweese's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Claims Court's dismissal of Ms. Deweese's complaint for lack of subject matter jurisdiction.

## AFFIRMED

### COSTS

No costs.